# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| SAMMIE BOOKER-EL, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:14-CV-1869 JM |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the court is a habeas petition filed by Sammie L. Booker-El, a *pro se* prisoner, attempting to challenge his 2002 child molestation conviction in Madison County. (DE # 1.) In *Booker v. Superintendent*, 3:08-CV-271-JVB (N.D. Ind. filed June 4, 2008), Booker-El challenged the same conviction that he is challenging here. The court entered judgment denying his petition on February 3, 2010. (*Id.*, DE # 26.) Booker-El appealed, but the U.S. Court of Appeals for the Seventh Circuit denied his request for a certificate of appealability. (*Id.*, DE 46.)

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Booker-El cannot proceed with a new habeas petition challenging this same conviction unless he obtains prior authorization from the Circuit. 28 U.S.C. § 2244(b)(3). There is no indication from his filing that he has obtained such authorization. In fact, he states that he recently sought leave in the Circuit to pursue a successive petition, but his request was denied. (DE # 1 at 7.) Because this court lacks jurisdiction to hear an unauthorized

successive petition, the petition must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 157 (2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

It bears noting that this is not Booker-El's first attempt to file an unauthorized successive petition. Just last month he filed another petition in this District challenging his 2002 child molestation conviction; his petition was dismissed for lack of jurisdiction, and he was instructed that he must obtain authorization from the Circuit to pursue a second petition challenging this conviction. *See Booker-El v. Superintendent*, No. 3:14-CV-1758-PPS (N.D. Ind. order dated Aug. 1, 2014). He did not heed this instruction, and instead returned with the present petition a month later without authorization from the Circuit. Booker-El purports to be bringing the petition under the "All Writs Act" rather than 28 U.S.C. § 2254, but because he is challenging a state conviction, he must comply with the requirements of AEDPA regardless of how he labels his filing. As the Circuit has explained:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). In short, Booker-El cannot avoid the bar on successive petitions simply by changing the label on his filings.

Accordingly, Booker-El is cautioned that he cannot file a successive petition challenging his 2002 child molestation conviction—or any other filing that attacks the legality of his confinement pursuant to this conviction, however he chooses to caption

it—without prior authorization from the Seventh Circuit Court of Appeals. His failure to comply with this procedure in the future may subject him to sanctions, including monetary penalties and/or filing restrictions.

For these reasons, the petition (DE # 1) is **DISMISSED** for lack of jurisdiction.

**SO ORDERED.**

Date: September 17, 2014

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT